15-4165(L), 16-174 (Con)
McCray v. County of Orange

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the24th day of April, two thousand seventeen.

PRESENT:
> Dennis Jacobs,
> Christopher F. Droney,
>> *Circuit Judges,*
> Timothy Stanceu,*
>> *Chief Judge, U.S. Court of International Trade.*

_____

Cerious McCray,

> *Plaintiff-Appellant*,

Kimberly Casanova, individually and on
behalf of themselves including "all persons
of Orange County,"

> *Plaintiff,*
>
> v.                                                          15-4165 (L);
>                                                              16-174 (Con)

County of Orange, as a governmental entity, et al.,

> *Defendants,*

_____

* Chief Judge Timothy Stanceu, of the United States Court of International Trade, sitting by designation.

**Theresa Nietzel, ID#: 3500, as Police Officer of the Town of Newburgh and individually, Anthony Detoro, as Police Officer of the Town of Newburgh and individually,**

*Defendants-Appellees***.\*\***

_____

FOR APPELLANT:          Cerious McCray, pro se, Wallkill, New York.

FOR APPELLEES:          Gerald S. Smith, Silverman & Associates, White Plains, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 3, 2015, order of the district court is **AFFIRMED**, and the appeal from the October 20, 2015, judgment is **DISMISSED**.

Cerious McCray, pro se, appeals from the district court's order granting a motion to enforce an oral settlement agreement. McCray filed a 42 U.S.C. § 1983 complaint arguing his constitutional rights were violated during two traffic stops. Following the dismissal of several defendants, judgment was entered after he and the remaining defendants orally agreed to settle. Subsequently, however, he requested additional monetary relief, and the defendants moved to enforce the settlement. The court ruled McCray was bound by the oral settlement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, McCray did not timely appeal from the October 2015 judgment. Fed. R. App. P. 4(a)(1). We therefore lack jurisdiction to review the dismissal of his claims. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Although McCray timely appealed the denial of his motion for an extension of time, he has not challenged that denial in his brief and has abandoned that issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

McCray's notice of appeal from the order to enforce the agreement was premature but ripened into a valid notice of appeal when the settlement was so-ordered. *See* Fed. R. App. P. 4(a)(2); *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664 n.6 (2d Cir. 2012). Consequently, we have jurisdiction to review the order to enforce the settlement agreement.

We review decisions on whether a settlement is binding de novo and factual findings,

_____

\*\* The Clerk of Court is respectfully directed to amend the caption.

including whether a settlement agreement existed and the parties assented to it, for clear error. *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997). A "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005).

Here, an independent review of the record and relevant case law reveals that the district court properly ruled that the parties intended to be bound by the oral agreement reached in open court. We affirm for substantially the reasons stated by the district court in its thorough December 3, 2015, order. Additionally, we conclude that the court had jurisdiction to enforce the settlement because it incorporated the terms of the agreement in its dismissal of McCray's claims. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

We have considered all of McCray's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court and **DISMISS** the appeal from the October 20, 2015, judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3